UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
     :
UNITED STATES OF AMERICA,     :  **ORDER DENYING MOTION**
     :  **FOR RELEASE**
   -against-     :
     :  18 Cr. 15 (AKH)
ERNEST MONTEVECCHI,     :
     :
                     Defendant.     :
     :
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        In February 2019, Defendant Ernest Montevecchi pled guilty, pursuant to a plea agreement with the government, to one count of participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). *See* Plea Tr., ECF No. 440, at 14-18. Montevecchi, a made member of the Genovese Organized Crime Family,[1] admitted in his allocution that, as part of the conspiracy, he personally engaged in numerous extortions by intimidation. *See id.* On May 17, 2019, I sentenced Montevecchi to a below-Guidelines sentence of 30 months' imprisonment,[2] to be followed by three years' supervised release. *See* Judgment, ECF No. 596. On May 14, 2020, Montevecchi moved under 18 U.S.C. § 3582(c)(1)(A) for compassionate release, claiming that his health conditions——which include, *inter alia*, various heart ailments——and advanced age of 74 place him at high risk of complications due to COVID-19. *See* Def. Mtn., ECF No. 685, at 1. For the reasons that follow, Montevecchi's motion is denied.

---

[1] Although a member of the Genovese Crime Family, Montevecchi was charged in a conspiracy in which he worked as an associate of the Bonanno Organized Crime Family, "one of the five New-York based families of La Cosa Nostra (LCN), a nationwide criminal society that operates through local organizations known as families. Each LCN Family is engaged in a wide variety of criminal activities, including murder, extortion, narcotics trafficking, labor racketeering, illegal gambling, loansharking, thefts and robberies, and the corrupt infiltration of legitimate businesses." Presentence Investigation Report ("PSIR"), ECF No. 539, at ¶ 23.

[2] At the sentencing hearing, I calculated Montevecchi's Guidelines range as 37 to 46 months' imprisonment. *See* Sentencing Tr., ECF No. 593, at 6-7. Montevecchi self-surrendered in July 2019 and, taking into account good time credit, has a projected release date in late September 2021. As such, he has served around 10 months of his sentence and has around 16 months left.

Section 3582 of Title 18 of the U.S. Code permits a court to reduce a term of imprisonment after considering the 18 U.S.C. § 3553(a) factors and finding that "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The relevant policy statement provides that a reduction is allowed if "[e]xtraordinary and compelling reasons warrant the reduction" or "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. So far as is pertinent here, the Application Notes to that policy statement provide that a defendant can make a showing of an "extraordinary and compelling reason" by demonstrating severe medical infirmity as follows:

(A) Medical Condition of the Defendant.——

>(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

>(ii) The defendant is——

>>(I) suffering from a serious physical or medical condition,

>>(II) suffering from a serious functional or cognitive impairment, or

>>(III) experiencing deteriorating physical or mental health because of the aging process,

>that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1.  Montevecchi "bears the burden of proving that he is entitled to relief under 18 U.S.C. § 3582." *United States v. Garcia*, No. 18 Cr. 802, 2020 WL 2468091, at *2 (S.D.NY. May 13, 2020).

        I begin with the factors laid out in Section 3553(a).  Reducing Montevecchi's sentence beneath his already-below-Guidelines sentence would fail to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," or to "protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).  At Montevecchi's sentence, I took note of his "age … and [] other illnesses," Sentencing Tr. at 20, but nonetheless imposed a 30-month sentence in light of his admitted participation in organized crime.  Montevecchi was no mere passive observer; he was directly involved with, for example, sending a co-conspirator to threaten a victim into abandoning a court-ordered judgment in the victim's favor, wherein the co-conspirator invoked the memory of the victim's murdered father.  *See* Presentence Investigation Report, ECF No. 539, at ¶¶ 50-53.  Nor was this Montevecchi's first brush with the law; he had already been, *inter alia*, twice convicted for conspiracy to commit extortion.  *See id*. at ¶¶ 72-74.  And both of these prior convictions occurred while Montevecchi was in his fifties, putting to bed any notion that age has impeded his criminal tendencies.  *See id*.  Montevecchi's motion does not so much as mention Section 3553(a), much less explain away the need to punish Montevecchi's serious conduct and to protect the community.  And if that all were not enough, that Montevecchi has served only a small portion of his total sentence further persuades me that release at this time would be unfaithful to Section 3553(a).  *See, e.g., United States v. Seshan*, No. 14 Cr. 620, 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (denying motion for compassionate release despite defendant's "end-stage renal failure and hypertension" and the threat of COVID-19 to inmates because, *inter alia*, defendant had only served six years of a ten-year sentence, and granting the

motion would "disserve the[] important sentencing factors" in Section 3553(a)); *United States v. Walter*, No. 18 Cr. 834, 2020 WL 1892063, at *3 (S.D.N.Y. Apr. 16, 2020) (denying motion for compassionate release to defendant with serious medical issue, citing, *inter alia*, the fact that the defendant was involved in organized crime and a danger to the community and that defendant had served only around one-third of his sentence).

To be sure, the "COVID-19 pandemic is certainly an extraordinary circumstance." *United States v. Martinez*, No. 12 Cr. 862, 2020 WL 2079542, at *2 (S.D.N.Y. Apr. 30, 2020). I do not take lightly that Montevecchi has suffered a stroke and continues to live with heart disease and kidney stones, and that some of these ailments, along with Montevecchi's age, are COVID-19 risk factors. *See* People Who Are at Higher Risk for Severe Illness, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (June 3, 2020). But even bracketing, without deciding, the government's representations that there have been, as yet, no inmates who have tested positive for the virus at Montevecchi's facility, *see* Gov't Opp. Mem., ECF No. 688, at 7, and that this facility has made major strides in its response to the virus, *see id.* at 8-10, I cannot conclude that release is proper. Montevecchi committed a serious crime while an active participant in an organized crime family, was sentenced well below his Guidelines range, has served only a small portion of his sentence, has a history of nefarious activity similar to his present offense, and could endanger the community upon release. Indeed, "release would provide an undue windfall that would severely undermine … the sentence this Court imposed." *United States v. Brady*, No 18 Cr. 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020).

Having concluded that a reduction in Montevecchi's sentence is improper, I decline to recommend that BOP "re-designate [him] to home confinement," without reaching the question of whether I have authority to grant such a request. *See* Def. Mtn. at 4.

In sum, the motion for release is denied (ECF No. 685). The Clerk is hereby instructed to close the motion.

SO ORDERED.

Dated:   June 8, 2020                     _____/s/_____
         New York, New York                    ALVIN K. HELLERSTEIN
                                               United States District Judge