UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                     :

UNITED STATES OF AMERICA,        :   **ORDER GRANTING MOTION**
                                                                     :   **FOR COMPASSIONATE**
     -against-                               :   **RELEASE**
                                                                       :

ERNEST MONTEVECCHI,               :   18 Cr. 15 (AKH)
                                                                       :
                          Defendant.   :
                                                                       :
---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

    In February 2019, Defendant Ernest Montevecchi pled guilty, pursuant to a plea agreement with the Government, to one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). *See* Plea Tr., ECF No. 440, at 14–18. On May 17, 2019, I sentenced Montevecchi to a sentence of 30 months' imprisonment, to be followed by three years' supervised release. *See* Judgment, ECF No. 596. Montevecchi had been slated for release to a half-way house on April 27, 2021, but because of the Bureau of Prisons' mandatory quarantine requirements, his release was rescheduled to June 2, 2021. *See* ECF No. 758. The Bureau of Prisons' quarantine requirements remain mandatory, even though Montevecchi tested positive for COVID-19 on November 2, 2020, thus gaining antibodies against the disease, and completed COVID-19 vaccinations on April 7, 2021. *See id.*; ECF No. 764. In the event that Montevecchi is not released to a half-way house, his custodial sentence would terminate on August 21, 2021, according to the Bureau of Prisons' website. *See* ECF No. 758.

    On April 29, 2021, Montevecchi moved under 18 U.S.C. § 3582(c)(1)(A) for compassionate release so that he could attend the funeral of his son, who passed away on that day. *See id*. at 1. He argues that, in light of the few months remaining on his custodial sentence, his son's passing constitutes an "extraordinary and compelling reason" that warrants a reduction

of his sentence. *See id.* The Government opposes, asserting that there are no "extraordinary and compelling reasons" to modify Montevecchi's sentence and that the sentencing factors laid out in 18 U.S.C. § 3553 weigh heavily against an early release. *See* ECF No. 760. For the reasons that follow, Montevecchi's motion is granted.

Section 3582 of Title 18 of the U.S. Code permits a court to reduce a term of imprisonment after considering the 18 U.S.C. § 3553(a) factors and finding that "extraordinary and compelling reasons warrant such a reduction" and that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).[1] I have considered the factors laid out in Section 3553(a) and find that they do not outweigh the "extraordinary and compelling reasons" warranting compassionate release. As the Government acknowledges, Montevecchi's loss of a child is a "horrible family circumstance" and a "tragic event." *See* ECF No. 760. Grounds for compassion are especially compelling when such a tragedy happened only a few months before the end of Montevecchi's custodial sentence and two days after the original date for Montevecchi's release to a half-way house but for the Bureau of Prisons' mandatory quarantine requirements.[2] The need to provide just punishment, promote respect for the law, and afford deterrence is also accomplished here, as Montivecchi has served just about all his original sentence. *See, e.g.*, *United States v. Wilson*, 16 Cr. 317 (PAE), ECF. No. 656 at 4–7 (S.D.N.Y. Aug. 31, 2020) (ordering compassionate release of defendant with

---

[1] "[T]he majority of district courts to consider the question have found that the amendments made to 18 U.S.C. § 3582(c)(1)(A) grant this Court the same discretion as that previously given to the BOP Director, and therefore the Court may independently evaluate whether [defendant] has raised an extraordinary and compelling reason for compassionate release." *United States v. Campagna*, No. 16 CR. 78-01 (LGS), ––– F.Supp.3d –––, –––, 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) (quoting *United States v. Lisi*, No. 15 Cr. 457, ––– F.Supp.3d –––, –––, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020)); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) ("The First Step Act has now again vested sole discretion [over compassionate release] with the courts.").

[2] The Bureau of Prisons' concern for public health is also alleviated as Montevecchi had contracted COVID-19 and is now fully vaccinated.

heighted vulnerability who had served the substantial majority of his sentence); *United States v. Jasper*, No. 18 Cr. 390 (PAE), ECF. No. 441 at 2–4 (S.D.N.Y. Apr. 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence).

For the reasons stated above, Montevecchi's motion for compassionate release is granted. The Court resentences Montevecchi to time served plus 36 months of supervised release under the conditions in the original judgment. The mandatory conditions, standard conditions, and special conditions of supervised release from Montevecchi's original sentence are hereby imposed.

The Government is ordered to release Montevecchi from custody by 2:00 p.m. following the date of this Order. Montevecchi should report to the probation the next day.

SO ORDERED.

Dated: May 7, 2021 _____/s/_____
New York, New York ALVIN K. HELLERSTEIN
United States District Judge